**COX et al. v. SINCLAIR GULF OIL CO. et al.**
(No. 7138.)

Court of Civil Appeals of Texas. Austin. July 20, 1927.

Rehearing Denied Oct. 12, 1927.

Writ of Error Refused by Supreme Court Nov. 30, 1927.

I. Pleading ☜8(7)—Petition alleging failure of lessee and his assignees to develop lands for oil under lease contract held not defective as alleging mere conclusions.

In suit by lessor to cancel lease, petition alleging that lessee and his assignees failed to fully develop lands in compliance with implied covenants of lease contract, and that defendants had abandoned lease, held not defective as stating mere conclusions.

2. Trial ☜396(2)—Findings denying right of lessor to cancel oil lease for defendant's failure to develop premises because of development of segregated portions by assignees of lessee held outside issues.

In action for cancellation of oil and gas lease for failure of defendants to develop leased premises, findings and conclusions that some of defendants were developing segregated portions of lease under separate assignments held not authorized or material, where issue of right of original lessee to assign segregated portions was not raised by pleadings.

3. Mines and minerals ☜74—Lessee's contract to develop premises for oil, gas, and minerals was binding on assignees of segregated portions.

Contract of lessee under oil and gas lease to diligently develop lease as a whole for oil, gas, and minerals was binding on assignees of segregated portions of leased premises.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by Marion M. Cox and others against the Sinclair Gulf Oil Company and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded, with instructions.

Jenkins, Miller & Harris, of Brownwood, for appellants.

Harrison, Woodruff & Holloway, of Brownwood, for appellees.

BLAIR, J. On a former appeal of this case, reported in 265 S. W. 196 (writ of error refused by the Supreme Court), this court held, in reference to the trial court's sustaining certain exceptions of misjoinder of causes of action and of parties defendant, that appellants' petition alleged a good cause of action entitling them to a cancellation of the entire lease involved, and against all defendants, if the facts alleged were established, for failure of certain of the defendants, upon whose acts all defendants relied to keep alive their respective segregated portions of the lease, to comply with the implied covenants of the lease contract to diligently develop the leased premises for oil and gas, and for abandonment and negligent handling of discovery wells upon the drilling of which all defendants relied to keep alive their respective segregated portions of the leased premises, and reversed and remanded the cause for trial upon these issues. When the cause again reached the trial court appellants amended their pleadings so as to eliminate the alternative causes of actions asserted against each defendant or defendants holding a segregated portion of the lease, which causes of action were held by this court to have been improperly joined in this suit, but repleaded the same cause of action for cancellation against all defendants as above stated. Appellees again filed as a plea in abatement misjoinder of parties defendant and causes of action, which plea the court heard along with the trial on the merits of the case, and at the conclusion of appellants' evidence held:

"As a matter of law that the instrument sought to be canceled was a conveyance of an interest in real estate, namely, the oil and gas in place and that the title conveyed was a determinable fee and that as an incident to that character of title the said Bailey had a right to convey the right and title obtained under said lease, to him, and to others, and that he had the right to segregate the land described in said lease and convey the segregated portions claimed by said defendant and that they thereby acquired the right to develop their segregated portions without reference to whether or not the lease as a whole had been developed in accordance with its express and implied covenants and to hold said segregated portions if properly developed by them respectively, and that plaintiffs' right of action, if any they had, was against each of said defendants separately and that joining them in this suit is a misjoinder of parties defendant and causes of action and that the plaintiffs upon the announcement by the court

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of its conclusion that there was a misjoinder of parties defendant and causes of action herein having failed and refused to elect as to which of the defendants they would proceed against this case was properly dismissed from the docket."

The finding of fact upon which this conclusion is based and the conclusion itself wholly ignore and do not adjudicate the cause of action alleged by appellants, and the disposition of the case by the trial court on the plea in abatement is in the face of our former decision reversing and remanding the cause; and we therefore again reverse and remand the cause, with instructions to try on its merits the cause of action asserted by appellants against all defendants as pointed out in our opinion on the former appeal of this cause.

Reversed and remanded, with instructions.

BAUGH, J., not sitting.

### On Motion for Rehearing.

BLAIR, J. By a lengthy motion and several carefully prepared supporting briefs and arguments, appellees insist we erred in concluding that any cause of action authorizing cancellation of the lease in suit as a whole against all defendants and presented by the pleadings on the previous appeal of this cause was before the trial court by either issue of fact or pleading on the second trial, when the pleas of misjoinder of parties and causes of action were sustained, contending that "the facts, on which this court's former opinion rests, were facts pleaded. The facts, on which this appeal rests, were those proved. They must be found in allegations and admissions in the pleadings, or in the trial court's findings of fact, as there is no statement of facts."

The petition on the former appeal alleged that Bailey and his assignees failed to fully develop the lands for oil, gas, and minerals, in compliance with the implied covenants of the lease contract to do so, and that defendants, appellees in that case, had abandoned the lease. It also alleged the drilling of four wells and their respective negligent handling and abandonment. The amended pleading upon which this appeal is based alleged the same facts, with the exception of the omission of any allegation in reference to the drilling of four wells. That is, the petition alleges fully the consideration for the lease contract as being in the main the full development of the leased premises for oil, gas and minerals, and also alleges the failure of Bailey, or any one for him, or any of his assignees, to promptly and reasonably comply with the purposes and conditions of the lease contract in that respect; and that they had abandoned the same.

Now appellees insist that the above allegations of failure to develop are mere conclusions of the pleader, and that if held to be sufficient appellant simply failed to prove them, as shown by the trial court's findings of fact, there being no statement of facts brought up with the record.

[1] We think there can be no question but that the language of the petition, though asserting ultimately a conclusion, is based upon a simple statement of facts. Nor is there any merit for the contention that appellees are precluded by the trial court's findings of fact and conclusion of law filed herein. Findings of fact 1 to 5, both inclusive, relate to the status of the parties to the suit; the execution of the lease; the transfer of segregated portions of the lease to appellees; their possession by virtue of the transfer; that they neither singly nor in groups claim other than by virtue of their respective assignments or transfers; that they were not guilty of the trespasses because of omission claimed by appellants. And findings 6 and 7, upon which appellees seem to rely principally, are as follows:

"Sixth. Neither of said defendants has acted together, with each other, nor with any other defendant, in trespassing on said lands, or in doing or omitting to do any act complained of by plaintiff; but each of said defendants has claimed, and is now claiming, the right of possession for the purpose of developing the oil and gas therein, under their respective transfers, from said Bailey, to the segregated portions so claimed by them, either individually, or as cotenants, as aforesaid.

"Seventh. Prior to the commencement of this suit, four wells had been drilling on the lands described in the lease, each of which wells, at the time it was brought in, produced oil and gas, the oil, at said time, ranging from 20 to 40 barrels per well."

[2, 3] The court's conclusion of law is set out in full in our original opinion herein, and will not be here restated. It might be noted here that the conclusion of law is not based particularly upon any of the above findings of fact, and in our judgment is unsupported by any pleadings in the case. It is rather an interpretation of the lease contract by the court to the effect that it permitted assignments of segregated portions of the leased premises, and that when so assigned the assignee or assignees thereof might take possession and develop their respective portions without regard to whether the lease as a whole had been or was being developed; which issue was not raised by any pleadings in the case so far as we are able to ascertain. Neither of the appellees herein contend by pleadings that he had or was developing a segregated portion of the lease. The sole issue raised by appellants' pleadings was whether any of the appellees had complied with the general provisions of Bailey's contract to diligently develop the lease as a whole for oil, gas,

and minerals. Bailey had contracted to do so, and his contract bound each of his assignees of a segregated portion to do so. Adjudication of the issue of Bailey's right to assign segregated portions of the lease was not involved under appellants' pleadings, and is not an issue either in law or in fact in the case; but the case pleaded is that of failure to develop the lease as a whole by all of the defendants, appellees here, and abandonment of the lease as a whole by all of them. If any of the appellees have developed any portion of the lease to such an extent that it constitutes development of the lease as a whole, then such may be pleaded as a defense to this suit, but such issue was not raised by any pleading by any appellee; and for this reason we held in our original opinion that the trial court's findings of fact and conclusion of law wholly ignore and do not adjudicate the cause of action alleged by appellants.

For the reasons stated, the motion for rehearing is overruled.

Overruled.